CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 15 2019
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC VALENTINO RAJAH, | ) | CASE NO. 7:18CV00640 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Eric Valentino Rajah, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that he has been deprived of adequate mental health treatment in prison. He has also filed an amendment to his complaint and a request for production of documents. After review of Rajah's submissions, the court concludes that the action must be summarily dismissed for failure to state a claim.

I.

Rajah is confined at River North Correctional Center ("RNCC"). In his complaint as amended, Rajah claims that on March 21, 2018, he was physically abused by RNCC officers and suffered an injury to his left hand that caused nerve damage. See Am. Compl. 1, ECF No. 6. Rajah alleges that in June of 2018, after many months of struggling with his mental health issues, he asked prison officials for mental health treatment. He complains that he "was given a mood log book and basically on [his] own until his Telephysc [sic] meeting." Compl. 2, ECF No. 1. He alleges that "QMHP's [Qualified Mental Health Professionals] at RNCC wasn't following proper procedure concerning mental health inmates." Id. Rajah further alleges that from June to October 2018, he "pleaded and begged for proper mental health care and services." Am. Compl. at 1. Thereafter, Rajah "started writing everything up and seeking outside help. Dr. Sturdivant

on 8-24-18 threatened [Rajah] and said [Rajah was] delaying and hindering him from properly doing his job." Compl. at 2. Although Rajah allegedly spoke to Warden Barry Kanode about "the inadequate treatment" the RNCC mental health staff was "doing," Kanode "never fixed the situation." Id. Rajah asserts that he has been "blatantly neglected and left with no one to help with his anxiety, depression, and insom[n]ia issues that he battles with daily." Am. Comp. at 1.

As defendants to his § 1983 claims, Rajah names the Commonwealth of Virginia, RNCC, Warden Kanode, and Dr. Sturdivant. He seeks 14.7 million dollars in monetary damages for his suffering — "physcologically[sic], emotionally, mentally, and physically." Id. He contends that copies of his informal request forms, informal complaint forms, regular grievances, emergency grievances, and medical records for the last 36 months will "show a pattern and history of neglect from the mental health department" at RNCC. Mot. 1, ECF NO. 8.

II.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court shall summarily dismiss any action filed by a prisoner about prison conditions if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 42 U.S.C. § 1997e(c)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

It is well settled that a state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule also applies to "governmental entities that are

considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. Correctional centers, as entities operated by the Commonwealth, are not "persons" that can be sued under § 1983. Therefore, Rajah's claims against the Commonwealth and RNCC cannot proceed, and must be summarily dismissed, pursuant to § 1915A(b)(1), as frivolous.

The individual defendants Rajah has named, Warden Kanode and Dr. Sturdivant, may be subject to being sued under § 1983 in their individual capacities. Rajah's allegations, however, do not state any actionable § 1983 claim against either of these defendants. At the most, Rajah alleges that the doctor verbally "threatened" him in an unspecified way. Such verbal comments alone did not violate Rajah's constitutional rights. See Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

Rajah also asserts that the warden is automatically responsible and liable under § 1983 for the allegedly inadequate care unspecified RNCC mental health staff have provided to Rajah. Rajah is mistaken. Under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation, alteration, and internal quotation marks omitted). Moreover, the warden may lawfully rely on the professional judgment of the mental health staff at RNCC to determine the appropriate diagnoses and course of treatment for Rajah's mental health conditions. See Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) (overruled on other grounds by Farmer v. Brennan, 511 U.S. 825, 838 (1994)).

For the reasons stated, Rajah's allegations do not provide a factual or legal basis for any constitutional claim actionable against the defendants he has named. Accordingly, the court

3

dismisses Rajah's civil action without prejudice, pursuant to § 1997e(c)(1), as frivolous.[1] An appropriate order will be entered herewith. Dismissal without prejudice leaves Rajah the opportunity to refile his claims in a new and separate civil action, provided that the new complaint states facts concerning the actions of each defendant in violation of his constitutional rights.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 15th day of January, 2019.

Senior United States District Judge

---

[1] In any event, the court cannot find that Rajah's allegations state any § 1983 claim against anyone at RNCC related to his mental health needs. To prove that denial of medical care in prison violated his constitutional rights, an inmate must show that the defendants acted with "[d]eliberate indifference to [his] serious medical needs." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." Sharpe v. S.C. Dep't of Corr., 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished). Deliberate indifference requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Questions of medical judgment are not subject to judicial review." Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Rajah's allegations suggest, at most, his disagreement with the course of mental health monitoring and treatment he has received at RNCC, such as the timing of his telemed psychiatric appointment, the helpfulness of keeping a mood log book, and unspecified medical judgments made by the doctor. Such disagreements between the mental health staff and the inmate do not support a § 1983 claim of deliberate indifference to a serious medical need for different treatment than what was provided. Moreover, alleged violations of prison policies by the QMHPs or others do not present grounds for constitutional claims actionable under § 1983. See Riccio v. Cnty of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding state's failure to abide by its own procedural regulations is not actionable under § 1983).